FILED

CLERK, U.S. DISTRICT COURT

6/10/2026

CENTRAL DISTRICT OF CALIFORNIA

BY _____ jji _____ DEPUTY

DOCUMENT SUBMITTED THROUGH THE
ELECTRONIC DOCUMENT SUBMISSION SYSTEM

Christopher Payne
PO Box 1318 #3147
Sacramento, California 95812
Phone: (865) 275-0500
Email: lost.yet.another21@gmail.com
Plaintiff in Pro Se

Andrew Ibarra
310 E Rector
San Antonio, Texas 78216
Plaintiff in Pro Se

FEE DUE

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **CHRISTOPHER PAYNE and ANDREW IBARRA,**<br>            Plaintiffs,<br><br>v.<br>**FRANK JESUS ALVARO, JR., and DOES 1-10**<br>            Defendant. | Case No. __2:26-cv-06287-CV-DMK(x)__<br>Judge: Hon. _____<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiffs Christopher Payne and Andrew Ibarra allege as follows:

### I. JURISDICTION AND VENUE

1. This Court has subject-matter jurisdiction under 28 U.S.C. § 1331 because Plaintiffs assert a claim arising under federal law, 18 U.S.C. § 875(d). The Court has supplemental jurisdiction over Plaintiffs' related state-law claims under 28 U.S.C. § 1367(a) because those claims arise from the same nucleus of operative fact: Defendant's campaign of covert recording, surveillance, and harassing broadcasts directed at Plaintiffs.

2. Venue is proper in this District under 28 U.S.C. § 1391(b)(1) and (b)(2) because Defendant resides in Los Angeles County, California, and a substantial part of the events giving rise to the

claims occurred at 312 W 5th Street, Apartment 305, Los Angeles, California 90013, within this District.

## II. PARTIES

3. Plaintiff Christopher Payne ("Payne") is an individual and a citizen of the State of California. His mailing address is PO Box 1318 #3147, Sacramento, California 95812.

4. Plaintiff Andrew Ibarra ("Ibarra") is an individual and a citizen of the State of California, currently residing at 310 E Rector, San Antonio, Texas 78216.

5. Defendant Frank Jesus Alvaro, Jr., also known as Frank Jesus Alvaro ("Defendant"), is an individual and a citizen of the State of California, residing at 12040 Longvale Ave, Lynwood, California 90262.

## III. FACTUAL ALLEGATIONS

### A. The Shared Residence

6. At all relevant times, Plaintiffs and Defendant shared a residence at 312 W 5th Street, Apartment 305, Los Angeles, California 90013 (the "Residence").

7. Plaintiffs at all times held a reasonable expectation of privacy in the bedroom and other private spaces of the Residence.

### B. The First Concealed Recording Device (May 24, 2026)

8. On or about May 24, 2026, Defendant covertly recorded Plaintiffs in a state of undress in a private bedroom of the Residence, without the knowledge or consent of either Plaintiff.

9. Defendant accomplished the recording by concealing a Samsung Android smartphone wrapped in black fabric and binding it to a ceiling pipe in the bedroom, with the camera lens aimed downward into the room.

10. Neither Plaintiff was aware of, or consented to, the device or the recording.

**C. The Second Concealed Recording Device (June 3, 2026)**

11. On or about June 3, 2026, Payne discovered a second concealed recording device — again a Samsung Android smartphone bound to the bedroom ceiling pipe, camera aimed downward — positioned in the same manner as the first device.

12. Payne photographed the device in situ. True and correct copies of those photographs are attached as Exhibit A (A-1 through A-3).

13. The discovery of a second device, installed in the identical manner, demonstrates a deliberate and repeated course of covert surveillance rather than an isolated act.

**D. Violent Resistance to Service of Process (June 3, 2026, 1:16 p.m.)**

14. On June 3, 2026, at approximately 1:16 p.m., professional process server Sean Gutierrez (Proof platform, Serve ID SRV-HHCP5Q3) attempted to serve Defendant with civil harassment restraining order papers issued by the Los Angeles County Superior Court.

15. Defendant responded with violent behavior at the door, and the server abandoned the attempt. The official service record states: "Dropped service due to violent behavior at the door."

**E. Defendant Resumed Covert Recording Within Hours (June 3, 2026, 8:26 p.m.)**

16. Approximately seven hours after the attempted service, Defendant resumed covert recording at the Residence.

17. At 8:26:58 p.m. PDT on June 3, 2026, Payne video-documented Defendant's recording device in operation. A true and correct copy of that video is attached as Exhibit B (file 20260603_202640.mp4).

18. Forensic metadata embedded in Exhibit B confirms the capture timestamp (8:26:58 p.m. PDT, June 3, 2026), the device type (Samsung Android), GPS coordinates consistent with the Residence, and a negative 90-degree rotation consistent with ceiling mounting.

19. Defendant resumed this conduct with actual knowledge that a restraining-order proceeding was pending against him, demonstrating conscious disregard of legal process and of Plaintiffs' rights.

**F. Continued Surveillance After the EPO Affidavit (June 6, 2026, 5:27 a.m.)**

20. On June 6, 2026, at approximately 5:27 a.m. PDT, Payne documented continued surveillance activity at the Residence in video and photographic form, attached as Exhibit C (photograph IMG_0151.jpeg) and Exhibit D (video IMG_0274.MOV).

21. Metadata embedded in Exhibit D confirms capture on an Apple iPhone 14 at 5:27:23 a.m. PDT on June 6, 2026, at GPS coordinates +34.0485, -118.2521 — within approximately 24 meters of the Residence — over a duration of 64.67 seconds.

22. Exhibit C depicts Defendant with an open laptop displaying a multi-pane monitoring interface consistent with active surveillance of multiple camera feeds.

23. This conduct occurred after the Emergency Protective Order affidavit had been sworn in the related state proceeding, confirming that Defendant's surveillance is ongoing notwithstanding pending legal process.

**G. Defamatory Broadcasts on Facebook Live**

24. Beginning on or about May 24, 2026, and continuing on at least four occasions (on or about May 24, May 28, June 2, and June 6, 2026), Defendant broadcast live video on Facebook Live and other platforms in which he falsely accused Payne, Ibarra, and a third individual, Michael Harvey, of being pedophiles.

25. The accusations are false. Plaintiffs have never engaged in, been charged with, or been investigated for any such conduct.

26. Defendant made the broadcasts deliberately, recording and transmitting them in real time over the internet to audiences of unknown size and location across state lines.

27. Each broadcast followed the same pattern: a false accusation of serious criminal conduct, recorded on video, transmitted publicly over an interstate platform, and targeted at Plaintiffs.

28. Once published, the broadcasts became permanently copyable, searchable, and shareable, and cannot be fully retrieved or contained.

**H. Injury to Plaintiffs**

29. As a direct and proximate result of Defendant's conduct, Plaintiffs have suffered severe emotional distress, including anxiety, fear for personal safety, sleep disturbance, hypervigilance, and social isolation, together with reputational harm and loss of enjoyment of life.

30. Defendant retains possession of the covert recordings and of the broadcast videos, and his escalating conduct — including resuming recording within hours of attempted service — establishes a continuing and imminent threat of further recording, distribution, and harassment.

## IV. CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF

### Harassing Use of Interstate Telecommunications — 18 U.S.C. § 875(d)

31. Plaintiffs reallege and incorporate paragraphs 1 through 30.

32. Defendant transmitted in interstate commerce, via Facebook Live and other internet platforms, communications directed at and concerning Plaintiffs with the intent to harass, intimidate, and injure them.

33. Defendant's broadcasts — false public accusations that Plaintiffs are pedophiles — were intended to and did cause Plaintiffs substantial emotional distress and reputational injury.

34. As a direct and proximate result, Plaintiffs suffered damages in an amount to be proven at trial, and are entitled to compensatory and punitive damages and to injunctive relief.

### SECOND CLAIM FOR RELIEF

### Invasion of Privacy — Unauthorized Recording (Cal. Penal Code § 647(j)(3))

(By Both Plaintiffs Against Defendant)

35. Plaintiffs reallege and incorporate paragraphs 1 through 30.

36. Defendant used concealed camera-equipped devices to secretly videotape and record Plaintiffs, identifiable persons, in a state of full or partial undress, in a bedroom — an interior

space in which Plaintiffs had a reasonable expectation of privacy — with the intent to invade that privacy and without Plaintiffs' consent.

37. Defendant's concealment of the devices demonstrates his knowledge that Plaintiffs would not have consented.

38. As a direct and proximate result, Plaintiffs suffered damages, including severe emotional distress, in an amount to be proven at trial, and are entitled to compensatory and punitive damages and to injunctive relief.

## THIRD CLAIM FOR RELIEF

### Private Right of Action for Image-Based Abuse — Cal. Civil Code § 1708.85

(By Both Plaintiffs Against Defendant)

39. Plaintiffs reallege and incorporate paragraphs 1 through 30.

40. Defendant intentionally created, by concealed recording, material exposing Plaintiffs' intimate body parts while Plaintiffs were in a state of undress in a private bedroom, under circumstances in which Plaintiffs had a reasonable expectation the material would remain private.

41. On information and belief, Defendant has distributed or threatens imminently to distribute that material, as evidenced by his pattern of broadcasting content concerning Plaintiffs over public internet platforms and his continued retention of the recordings.

42. As a direct and proximate result, Plaintiffs have suffered general and special damages and are entitled to compensatory damages, statutory damages, punitive damages, attorney's fees and costs as permitted, and equitable relief including an order requiring deletion and prohibiting distribution.

## FOURTH CLAIM FOR RELIEF

### Intentional Infliction of Emotional Distress

(By Both Plaintiffs Against Defendant)

43. Plaintiffs reallege and incorporate paragraphs 1 through 30.

44. Defendant's course of conduct — covertly recording Plaintiffs undressed in their own bedroom on repeated occasions, conducting ongoing electronic surveillance, violently resisting service of process, and publicly branding Plaintiffs as pedophiles in live internet broadcasts — was extreme and outrageous and beyond all bounds of decency tolerated in a civilized community.

45. Defendant acted intentionally or with reckless disregard of the probability of causing Plaintiffs severe emotional distress.

46. Plaintiffs suffered severe emotional distress as a direct and proximate result, entitling them to compensatory and punitive damages.

## V. PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs pray for judgment against Defendant as follows:

1. Compensatory and general damages in an amount to be proven at trial;

2. Statutory damages as authorized by California Civil Code § 1708.85;

3. Punitive and exemplary damages;

4. A permanent injunction prohibiting Defendant, and all persons acting in concert with him, from (a) recording, photographing, or electronically capturing Plaintiffs; (b) installing or operating any surveillance device in any space occupied or used by Plaintiffs; (c) distributing,

publishing, or broadcasting any recording, image, or statement concerning Plaintiffs on any

platform; and (d) contacting or surveilling Plaintiffs; and requiring Defendant to identify and

permanently delete all recordings and images of Plaintiffs in his possession, custody, or control;

5. Attorney's fees and costs of suit as permitted by law;

6. Pre- and post-judgment interest as permitted by law; and

7. Such other relief as the Court deems just and proper.


## VI. DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiffs demand a trial by jury on all issues

so triable.


Respectfully submitted,

Date: 06/10/2026 _____   Signature: _____
Print Name: Christopher Payne, Plaintiff in Pro Se

Date: 06/10/2026 _____   Signature: _____
Print Name: Andrew Ibarra, Plaintiff in Pro Se

# FORMAL EXHIBITS INDEX

## Payne, et. all v. Alvaro — Case No.

VIOLENCE AGAINST WOMEN ACT (VAWA) Lawsuit

*June 7, 2026*

| Exhibit | Description | Date / Time | Location / Metadata | Custodian / Chain of Custody |
|---|---|---|---|---|
| A (A-1, A-2, A-3) | Covert Recording Device In Situ — Three still photographs showing Samsung Android smartphone bound to bedroom ceiling pipe with black fabric wrapping, cord binding mechanism, lens positioning, and multi-angle documentation. | June 3, 2026 (Daytime discovery) | 312 W 5th St, Apt 305, Los Angeles, CA 90013-1931 Bedroom space | Christopher Payne Photographed in situ by Payne; device removed and preserved. |
| B | Video: Resumed Covert Recording Post-Service. Respondent continues recording more than 7 hours after formal service of TRO petition. File: 20260603_202640.mp4 | June 3, 2026 8:26:58 PM PDT | 312 W 5th St, Apt 305 GPS: Confirmed Device: Samsung Android Rotation: −90° (ceiling-mounted) Duration: [to be confirmed] | Christopher Payne Recorded by iPhone; forensic metadata verified. |
| C | Still Image: Surveillance Monitoring Interface. Photograph | June 6, 2026 (Early morning) | 312 W 5th St, Apt 305 Bedroom/residence | Christopher Payne Photographed by iPhone 14; |

FORMAL EXHIBITS INDEX- Payne, et. all v. Alvaro - Page 1

| | | | | |
|---|---|---|---|---|
| | shows Respondent with open laptop displaying multi-pane surveillance monitoring screen (covert device management/cloud storage/real-time feed viewing). File: IMG_0151.jpeg | | | metadata verified. |
| **D** | Video: GPS-Confirmed Surveillance (June 6 Early Morning). Christopher Payne documents continued surveillance activity at Respondent's residence. File: IMG_0274.MOV | June 6, 2026 5:27:23 AM PDT | GPS: +34.0485, −118.2521 (Within 24 meters of 312 W 5th St, Apt 305) Device: Apple iPhone 14 Duration: 64.67 seconds | Christopher Payne Recorded by iPhone 14; GPS metadata confirmed; submitted to LAPD 6/6/26. |
| **E** | Proof of Service (SRV-HHCP5Q3). Process server Sean Gutierrez personal service record showing violent conduct at door. Service date, time, physical description, and narrative: "Dropped service due to violent behavior at the door." | June 3, 2026 1:16 PM | 312 W 5th St, Apt 305 At door | Sean Gutierrez (Process Server) Proof Platform record; official service documentation. |

| | | | | |
|---|---|---|---|---|
| F | LAPD False Police Report (Case #A20 / Incident #3201). Respondent filed false report claiming threatening text message to 911. LAPD response confirmed no threat exists; officers note: "Spoke with residents — no one text(ed) for help." | June 6, 2026 9:38 PM | 312 W 5th St, Apt 305 LAPD Central Patrol Division | Los Angeles Police Department — Central Division Officers' notes; report number A20, incident #3201. |
| G | Emergency Protective Order Affidavit (PC § 646.91). Affidavit sworn by Christopher Payne requesting EPO on grounds of stalking (PC § 646.9) and immediate danger (Fam. Code § 6250). Incorporates all five incidents, hate crime conduct, and requests 100-yard stay-away and no-contact order. | June 6, 2026 | Submitted to: Los Angeles Police Department — Central Division 251 E 6th Street, Los Angeles, CA 90014 | Christopher Payne (Affiant) Submitted to LAPD for EPO issuance June 6, 2026. |

Exhibits Summary & Cross-Reference Guide

1.  Incident #1 (May 24, 2026): First Covert Recording — No exhibits; incident documented in EPO affidavit.

FORMAL EXHIBITS INDEX- Payne, et. all v. Alvaro - Page 3

2. Incident #2 (June 3, 2026, Daytime): Second Covert Recording — See Exhibit A (in situ photographs, A-1, A-2, A-3).
3. Incident #3 (June 3, 2026, 1:16 PM): Violent Service Reaction — See Exhibit E (Proof of Service record, SRV-HHCP5Q3).
4. Incident #4 (June 3, 2026, 8:26 PM): Resumed Recording Post-Service — See Exhibit B (video documentation, 20260603_202640.mp4).
5. Incident #5A (June 6, 2026, 9:38 PM): False Police Report — See Exhibit F (LAPD case #A20 / incident #3201).
6. Incident #5B (June 6, 2026, 5:27 AM): GPS-Confirmed Surveillance & Monitoring Interface — See Exhibit C (still image, IMG_0151.jpeg) and Exhibit D (video, IMG_0274.MOV).

Forensic Metadata Summary

| Exhibit | Metadata Type | Value |
|---|---|---|
| B (Video) | Timestamp | 2026-06-03T20:26:58 PDT |
| B (Video) | GPS / Device / Rotation | 312 W 5th St, Apt 305 / Samsung Android / −90° (ceiling) |
| D (Video) | Timestamp | 2026-06-06T05:27:23 PDT (−0700) |
| D (Video) | GPS / Device / Duration | +34.0485, −118.2521 (24m from address) / iPhone 14 / 64.67 sec |

### Chain of Custody Statement

All exhibits have been maintained in the continuous custody of Christopher Payne or submitted directly to Los Angeles Police Department — Central Division (Exhibits B, D, G) with no break in chain. Still images (Exhibits A, C) were photographed by Christopher Payne on the dates indicated and preserved without alteration. Video exhibits (B, D) were recorded by Christopher Payne on his personal iPhone and preserved in original format. The Proof of Service record (Exhibit E) is an official document from Proof Platform. The LAPD false report record (Exhibit F) is an official law enforcement document.

**Exhibit Storage & Access**

- Video Exhibits (B & D): Google Drive Shared Folder (View Only)

    - QR Codes & Direct URLs to be inserted for court access and legal team review.

- Still Images (A, C): Embedded in this document and in the case summary DOCX. Original files retained by Christopher Payne.
- Official Records (E, F): Obtained from Proof Platform and LAPD respectively; digital copies retained for filing.

SUBMITTED JUNE 10TH, 2026

*—END OF EXHIBITS INDEX—*