FILED

CLERK, U.S. DISTRICT COURT

6/10/2026

CENTRAL DISTRICT OF CALIFORNIA

BY _____ jji _____ DEPUTY

DOCUMENT SUBMITTED THROUGH THE
ELECTRONIC DOCUMENT SUBMISSION SYSTEM

Christopher Payne
PO Box 1318 #3147
Sacramento, California 95812
Phone: (865) 275-0500

Plaintiff in Pro Se

Andrew Ibarra
310 E Rector
San Antonio, Texas 78216
Plaintiff in Pro Se

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER PAYNE and ANDREW IBARRA,<br><br>Plaintiffs,<br><br>V.<br><br>FRANK JESUS ALVARO, JR., aka FRANK JESUS ALVARO,<br>Defendant. | Case No. 2:26-cv-06287-CV-DMK(x)<br>Judge: Hon. _____<br><br>**EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER AND MOTION FOR PRELIMINARY INJUNCTION; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>**[Fed. R. Civ. P. 65; C.D. Cal. L.R. 65-1, 7-19]** |

**TO THE HONORABLE COURT AND TO DEFENDANT FRANK JESUS ALVARO, JR.:**

PLEASE TAKE NOTICE that Plaintiffs Christopher Payne and Andrew Ibarra apply ex parte under Federal Rule of Civil Procedure 65(b) for a temporary restraining order, and move under Rule 65(a) for a preliminary injunction, restraining Defendant from further covert recording, electronic surveillance, distribution of intimate or harassing material, and harassing broadcasts concerning Plaintiffs, pending final judgment.

This Application is based on this notice, the attached Memorandum of Points and Authorities, the Complaint and Exhibits A through D, the Declaration of Christopher Payne filed concurrently, and any further matters the Court may consider.

## I. RELIEF REQUESTED

Plaintiffs request an order that Defendant, and all persons acting in concert or participation with him, shall not:

1. Record, film, photograph, or electronically capture either Plaintiff by any means;

2. Install, maintain, or operate any recording or surveillance device in any space occupied or used by either Plaintiff;

3. Upload, transmit, post, publish, broadcast, or otherwise distribute any video, image, audio recording, or depiction of either Plaintiff, including any material recorded at 312 W 5th Street, Apartment 305, Los Angeles, California;

4. Publish or broadcast any statement concerning either Plaintiff on Facebook Live or any other social media or internet platform;

5. Delete, alter, conceal, or destroy any recording, image, device, account, or data relating to either Plaintiff (evidence-preservation provision); or

6. Contact, follow, monitor, or surveil either Plaintiff, directly or indirectly.

## II. CERTIFICATION REGARDING NOTICE (Fed. R. Civ. P. 65(b)(1)(B); L.R. 7-19.1)

Counsel of record for Defendant, if any, is unknown. Defendant's last known address is 12040 Longvale Ave, Lynwood, California 90262. Plaintiffs will serve this Application and all supporting papers on Defendant at that address promptly upon filing and will file proof of service. Plaintiffs respectfully submit that any period before Defendant responds should not delay issuance of the TRO: the verified record shows that within approximately seven hours of a process server's attempt to deliver state-court restraining-order papers — an attempt abandoned because of Defendant's "violent behavior at the door" — Defendant resumed the covert recording that is the subject of this action. (Compl. ¶¶ 14-19; Exs. B.) Advance warning without immediate

restraint creates a concrete risk of dissemination of intimate recordings, destruction of evidence, or retaliation before relief can issue.

## MEMORANDUM OF POINTS AND AUTHORITIES

### III. INTRODUCTION

Twice in two weeks, Defendant hid a smartphone above Plaintiffs' bed — wrapped in black fabric, lashed to a ceiling pipe, lens pointed down — and recorded them undressed without their knowledge. When a process server brought him restraining-order papers, he met the server with violence; seven hours later he was recording again. Three days after that, he was photographed running a multi-pane surveillance interface on a laptop. Throughout the same period he broadcast live to the internet, repeatedly and falsely branding Plaintiffs pedophiles. Plaintiffs seek narrow relief: an order that Defendant stop recording them, stop surveilling them, stop publishing material about them, and preserve the evidence he holds.

### IV. STATEMENT OF FACTS

The facts are set out in the Complaint (¶¶ 6-30) and the concurrently filed Declaration of Christopher Payne, and are supported by Exhibits A through D, which include device photographs and video files bearing forensic metadata (timestamps, device identifiers, GPS coordinates, and orientation data). They are summarized as follows: (1) concealed ceiling-mounted recording devices discovered May 24 and June 3, 2026 (Exs. A); (2) violent refusal of service of process on June 3, 2026, at 1:16 p.m.; (3) resumption of covert recording the same evening at 8:26 p.m., documented on video with corroborating metadata (Ex. B); (4) continued surveillance activity on June 6, 2026, including a multi-pane monitoring interface (Exs. C-D); and (5) at least four Facebook Live broadcasts (May 24 - June 6, 2026) falsely accusing Plaintiffs of pedophilia.

### V. LEGAL STANDARD

A party seeking preliminary injunctive relief must establish (1) likelihood of success on the merits, (2) likelihood of irreparable harm absent relief, (3) that the balance of equities tips in its favor, and (4) that an injunction is in the public interest. Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 20 (2008). In the Ninth Circuit, relief may also issue where serious questions going to the merits are raised and the balance of hardships tips sharply toward the movant, with the remaining Winter factors satisfied. Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1131-35 (9th Cir. 2011). The same standard governs temporary restraining orders.

## VI. ARGUMENT

### A. Plaintiffs Are Likely to Succeed on the Merits.

This is not a credibility contest; it is a documented record. Exhibit A photographs show the concealed device in place. Exhibit B is video of the device in operation, and its embedded metadata independently corroborates the date, time, device type, location, and ceiling-mount orientation. Exhibits C and D document continued surveillance days later. On these facts, Plaintiffs are likely to prevail on their claim under California Penal Code § 647(j)(3): Defendant used a concealed camcorder-type device to record identifiable persons in a state of undress, in a bedroom where they had a reasonable expectation of privacy, without consent — the concealment itself evidencing knowledge that consent was absent. The same record supports the claim under Civil Code § 1708.85 (intimate material created under circumstances carrying a reasonable expectation of privacy, with distribution effected or imminently threatened), the federal claim under 18 U.S.C. § 875(d) arising from the interstate Facebook Live broadcasts made with intent to harass, and the IIED claim. At a minimum, the record raises serious questions going to the merits.

### B. Irreparable Harm Is Likely, Not Merely Possible.

Defendant possesses intimate recordings of Plaintiffs and has an established practice of publishing material about them to live internet audiences. Internet publication of intimate images or of accusations of child sexual abuse cannot be undone; once copied and re-shared, the material

is permanently beyond recall, and no judgment for money can restore the privacy or reputation lost. The likelihood of that harm is demonstrated by Defendant's own conduct: he resumed recording within hours of learning of legal process, and continued surveillance even after an EPO affidavit was sworn. Past and continuing conduct of this kind is the most reliable predictor of imminent future conduct.

**C. The Balance of Equities Tips Sharply Toward Plaintiffs.**

Every provision of the proposed order restrains conduct that is independently unlawful or preserves evidence. Defendant has no cognizable interest in covertly recording his housemates, surveilling them, distributing intimate images of them, or broadcasting false accusations of pedophilia. Plaintiffs, by contrast, stand to lose interests of the highest order — bodily privacy and reputation — permanently.

**D. An Injunction Serves the Public Interest.**

Congress and the California Legislature have each prohibited the conduct at issue. See 18 U.S.C. § 875(d); Cal. Penal Code § 647(j); Cal. Civil Code § 1708.85. An order enforcing those prohibitions vindicates established public policy and restrains no lawful speech or activity of any third party.

**E. Bond Should Be Waived or Nominal. (Fed. R. Civ. P. 65(c))**

The Court retains discretion over the amount of security. Because the proposed order restrains only unlawful conduct and evidence destruction, Defendant faces no monetary loss from compliance, and Plaintiffs proceed pro se, Plaintiffs request that bond be waived or set in a nominal amount.

## VII. CONCLUSION

Plaintiffs respectfully request that the Court issue the temporary restraining order, set an order-to-show-cause hearing on the preliminary injunction at the earliest available date, and thereafter grant the preliminary injunction pending final judgment.

Respectfully submitted,

Date: 06/10/2026
/s/ CHRISTOPHER PAYNE
Christopher Payne, Plaintiff in Pro Se

Date: 06/10/2026
/s/ ANDREW IBARRA
Plaintiff in Pro Se