FILED
CLERK, U.S. DISTRICT COURT

6/10/2026

CENTRAL DISTRICT OF CALIFORNIA
BY _____ jji _____ DEPUTY
DOCUMENT SUBMITTED THROUGH THE
ELECTRONIC DOCUMENT SUBMISSION SYSTEM

Christopher Payne
PO Box 1318 #3147
Sacramento, California 95812
Tel: (865) 275-0500
Plaintiff in Pro Se

Andrew Ibarra
310 E Rector
San Antonio, Texas 78216
Plaintiff in Pro Se

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER PAYNE and ANDREW IBARRA,<br><br>Plaintiffs,<br><br>v.<br><br>FRANK JESUS ALVARO, JR. and DOES 1 THROUGH 10,<br>Defendants. | Case No. 2:26-cv-06287-CV-DMK(x)<br>Judge: Hon. _____<br><br>**DECLARATION OF CHRISTOPHER PAYNE IN SUPPORT OF EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER AND MOTION FOR PRELIMINARY INJUNCTION**<br><br>**[28 U.S.C. § 1746]** |

I, Christopher Payne, declare:

1. I am a plaintiff in this action. I have personal knowledge of the facts stated below and, if called as a witness, could and would testify competently to them.

2. During the events described here, I shared a residence with Defendant Frank Jesus Alvaro, Jr. at 312 W 5th Street, Apartment 305, Los Angeles, California 90013.

3. On or about May 24, 2026, I learned that a Samsung Android smartphone, wrapped in black fabric, had been bound to a ceiling pipe in a private bedroom of the residence with its camera aimed downward into the room. The device had recorded me and/or Plaintiff Andrew Ibarra in a state of undress. Neither of us knew of the device or consented to any recording.

4. On June 3, 2026, during the daytime, I discovered a second concealed device — again a Samsung Android smartphone bound to the bedroom ceiling pipe with the camera aimed

DECLARATION OF CHRISTOPHER PAYNE — PAGE 1 OF 3

downward. I photographed it where it was mounted before it could be moved. True and correct copies of my photographs are attached to the Complaint as Exhibit A (A-1 through A-3).

5. I am informed and believe, based on the official service record of the Proof platform (Serve ID SRV-HHCP5Q3), that on June 3, 2026, at approximately 1:16 p.m., process server Sean Gutierrez attempted to serve Defendant with Los Angeles County Superior Court civil harassment restraining order papers, and that the attempt was abandoned with the notation "Dropped service due to violent behavior at the door."

6. That same evening, at approximately 8:26 p.m., I personally observed and video-recorded Defendant's concealed recording device in operation. A true and correct copy of my video is attached to the Complaint as Exhibit B (file 20260603_202640.mp4). I have reviewed the file's embedded metadata, which records the capture time as 8:26:58 p.m. PDT on June 3, 2026, a Samsung Android source device, GPS coordinates consistent with the residence, and a negative 90-degree rotation consistent with a ceiling mount.

7. On June 6, 2026, at approximately 5:27 a.m., I documented continued surveillance activity. I took the photograph attached to the Complaint as Exhibit C (IMG_0151.jpeg), which shows Defendant with an open laptop displaying a multi-pane monitoring interface, and I recorded the video attached as Exhibit D (IMG_0274.MOV). The video's embedded metadata records capture on an Apple iPhone 14 at 5:27:23 a.m. PDT on June 6, 2026, at GPS coordinates +34.0485, -118.2521, over 64.67 seconds.

8. Beginning on or about May 24, 2026, and on at least four occasions through June 6, 2026, Defendant broadcast live video on Facebook Live in which he falsely stated that I am a pedophile, and made the same false accusation about Plaintiff Andrew Ibarra and about Michael Harvey. These statements are false. I have never engaged in, been charged with, or been investigated for any such conduct.

9. Since these events I have experienced severe anxiety, fear for my safety, difficulty sleeping, and hypervigilance. I avoid public places out of fear of encountering people who saw the broadcasts. The knowledge that Defendant possesses intimate recordings of me, and his demonstrated willingness to broadcast material about me to the public, causes me ongoing fear that the recordings will be published and can never be retrieved.

10. Defendant has never returned or deleted the recordings, and I am aware of no restraint that currently prevents him from publishing them.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on June 10th, 2026, at Los Angeles, California.

Signature: /s/ CHRISTOPHER PAYNE
Christopher Payne, in pro per