Name: Christopher Payne

Address: PO Box 188 #3147

SACRAMENTO CA 95812

Phone: (865)275-0500

Fax: _____

In Pro Per

FILED

2026 JUN 10 PM 3:16

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY_____

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

Christopher Payne, Andrew Ibarra

Plaintiff

v.

Frank Jesus Alvarez

Defendant(s).

CASE NUMBER:

26:26-cv-06287-CV-DMK(x)

Exhibits and ~~TITLE OF PLEADING~~

See Attached.

6/10/2026

Christopher Payne
in proper

CV-127 (09/09)          PLEADING PAGE FOR A SUBSEQUENT DOCUMENT

# STATEMENT OF FACTS IN SUPPORT OF CRIMINAL COMPLAINT

**SUBMITTED TO:**
Los Angeles Police Department — Central Division
251 E 6th St, Los Angeles, California 90014
and/or
Los Angeles County District Attorney's Office
211 W Temple St, Los Angeles, California 90012

---

**SUBJECT OF COMPLAINT:**
**Frank Jesus Alvaro**
Last Known Address: 312 W 5th St, Apt 305, Los Angeles, California 90013-1931
Physical Description: Hispanic or Latino male, est. age 25–34, bald, no glasses, 160–180 lbs, 5'6"–5'9"
(Description confirmed by licensed process server Sean Gutierrez, June 3, 2026)

**COMPLAINING WITNESSES (VICTIMS):**
**Christopher Payne** | PO Box 1318 #3147, Sacramento, CA 95812 | Tel: (202) 557-6958
**Andrew Ibarra** | 310 E Rector St, San Antonio, TX 78216 | Tel: (210) 378-9048

**RELATED CIVIL PROCEEDINGS:**
**Harvey v. Alvaro**, Case No. 26STRO03066, Superior Court of California, County of Los Angeles (Civil Harassment Restraining Order), Hearing: June 24, 2026
**Payne & Ibarra v. Alvaro**, Civil Complaint for Damages (Cal. Civil Code § 1708.8), filed concurrently

---

## SUMMARY OF CRIMINAL VIOLATIONS

The following statement of facts establishes probable cause to believe that Frank Jesus Alvaro committed the criminal offenses identified below. Complaining witnesses Christopher Payne and Andrew Ibarra respectfully request that law enforcement investigate, and that the Los Angeles County District Attorney prosecute, each of the following counts:

---

## EXHIBIT INDEX & DOCUMENTATION

**Exhibit A-1: Still Photograph (In Situ Device—Camera Lens View)**

Date Created/Documented: June 3, 2026
Source/Photographer/Documenting Agency: Christopher Payne (Apple iPhone)
Description: Device positioned in ceiling, camera lens visible, black fabric wrapping confirmed

Exhibit 1a)



6/3/2026 1:16 pm PDT
312 W 5th St, Apt 305, Los Angeles, CA 90013-1931
34.0483555, -118.2512726



**Exhibit A-2: Still Photograph (Close-Up Detail—Lens & Wrapping)**

Date Created/Documented: June 3, 2026
Source/Photographer/Documenting Agency: Christopher Payne (Apple iPhone)
Description: Magnified view of Samsung Android lens and black fabric wrapping, downward-facing positioning



**Exhibit A-3: Still Photograph (Device Mounting—Cord & Ceiling Pipe)**

Date Created/Documented: June 3, 2026
Source/Photographer/Documenting Agency: Christopher Payne (Apple iPhone)
Description: Full mounting context showing cord binding to ceiling pipe, positioning

consistent with Exhibit B video metadata



## Exhibit B: Video Documentation (Post-Service Escalation)

Date Created/Documented: June 3, 2026, 8:26:58 PM PDT
Source/Photographer/Documenting Agency: Christopher Payne (Apple iPhone)
Description: File: 20260603_202640.mp4 | 60.67 seconds | Metadata:
2026-06-03T20:26:58−0700 | GPS: Consistent with 312 W 5th St, Apt 305 | Camera
Rotation: −90° (downward-facing)

## Exhibit C: Still Image (Laptop with Surveillance Monitoring Interface)

Date Created/Documented: June 6, 2026, 5:27 AM PDT
Source/Photographer/Documenting Agency: Christopher Payne (Apple iPhone 14)
Description: Respondent in possession of open laptop displaying multi-pane
surveillance monitoring interface; demonstrates active, real-time engagement with

surveillance technology



## Exhibit D: Video Evidence (GPS-Confirmed Surveillance Documentation)

Date Created/Documented: June 6, 2026, 5:27:23 AM PDT
Source/Photographer/Documenting Agency: Christopher Payne (Apple iPhone 14)
Description: File: IMG_0274.MOV | 64.67 seconds | Metadata: 2026-06-06T05:27:23−0700 | GPS: +34.0485, −118.2521 | Distance from Respondent's residence: 24 meters (78 feet)

## Exhibit E: Proof Platform Service Record (SRV-HHCP5Q3)

Date Created/Documented: June 3, 2026, 1:16 PM PDT
Source/Photographer/Documenting Agency: Los Angeles Superior Court (Process Server Sean Gutierrez)
Description: Official proof of attempted personal service; documents violent behavior and refusal to accept service; establishes knowledge of pending restraining order petition



https://urlto.me/25m46.pdf

## Exhibit F: LAPD False Police Report Documentation

Date Created/Documented: June 6, 2026, 9:38 PM PDT
Source/Photographer/Documenting Agency: Los Angeles Police Department, Central Patrol Division
Description: Case #A20, Incident #60202130-3201 | Reporting Party: Frank Jesus Alvaro, Jr. | Alleged Claim: Threatening text message to 911 | Officers' Disposition: 'Spoke with residents — no one text(ed) for help' | Conclusion: False report; no basis for emergency response



## CHAIN OF CUSTODY & AUTHENTICITY

All exhibits (A-1, A-2, A-3, B, C, D) created by Christopher Payne are maintained in continuous chain of custody from the date of creation (June 3 or June 6, 2026) to present. No gaps in custody. All exhibits are authentic original recordings and photographs, unaltered and unmanipulated. Forensic metadata (timestamps, GPS coordinates, file information) is accurate and derived directly from device records.

Exhibits E (Proof Platform) and F (LAPD Report) are official records obtained from government agencies and are authentic copies of official documentation.

## FORENSIC METADATA SUMMARY

Exhibit B Video (Incident #4 – June 3, 2026, 8:26 PM):
- Timestamp: 2026-06-03T20:26:58−0700 (8:26:58 PM PDT)
- Device: Samsung Android smartphone, ceiling-mounted
- Camera Rotation: −90° (downward-facing toward bedroom occupants)
- GPS Coordinates: Consistent with 312 W 5th St, Apt 305, Los Angeles
- Duration: Approximately 60 seconds of continuous recording

Exhibit D Video (Incident #5 – June 6, 2026, 5:27 AM):
- Timestamp: 2026-06-06T05:27:23−0700 (5:27 AM PDT)
- Device: Apple iPhone 14 (Christopher Payne's smartphone)
- GPS Coordinates: +34.0485, −118.2521 (24 meters from Respondent's residence)
- Duration: 64.67 seconds of continuous recording
- Content: Respondent with laptop displaying surveillance monitoring interface; GPS-confirmed surveillance presence

**CH-200**    **Proof of Personal Service**

Clerk stamps date here when form is filed.

**(1) Person Seeking Protection**

Name: Michael R Harvey; Christen Payne; Andrew Ybarra

**(2) Person From Whom Protection Is Sought**

Name: Frank Jesus Alvaro

**(3) Notice to Server**

The server must:

- Be 18 years of age or older.

- Not be listed in items **(1)** or **(3)** of form CH-100.

- Give a copy of all documents checked in **(4)** to the person in **(2)**. (You cannot send them by mail.) Then complete and sign this form and give or mail it to the person in **(1)**.

Fill in court name and street address:

**Superior Court of California, County of**
Los Angeles County
Central District
111 N. Hill Street
Los Angeles, CA 90012

Court fills in case number when form is filed.

**Case Number:**
26STR003066

**PROOF OF PERSONAL SERVICE**

**(4)** I gave the person in **(2)** a copy of the forms checked below:

a. ■ CH-109, *Notice of Court Hearing*

b. ☐ CH-110, *Temporary Restraining Order*

c. ■ CH-100, *Request for Civil Harassment Restraining Orders*

d. ☐ CH-120, *Response to Request for Civil Harassment Restraining Orders* (blank form)

e. ☐ CH-120-INFO, *How Can I Respond to a Request for Civil Harassment Restraining Orders?*

f. ☐ CH-130, *Civil Harassment Restraining Order After Hearing*

g. ☐ CH-250, *Proof of Service by Mail* (blank form)

h. ☐ CH-800, *Receipt for Firearms and Firearm Parts* (blank form)

i. ■ Other *(specify):* **Cease and Desist Notice**

**(5)** I personally gave copies of the documents checked above to the person in **(2)**:

a. On *(date):* June 3, 2026    b. At *(time):* 1:16    ☐ a.m. ■ p.m.

c. At this address: 312 W 5th St Apt 305

City: Los Angeles    State: CA    Zip: 90013-1931

**(6) Server's Information**

Name: Sean Gutierrez

Address: 2235 Shoredale Ave #1

City: Los Angeles    State: CA    Zip: 90031

Telephone: +12134149511

*(If you are a registered process server):*

County of registration: **Los Angeles**    Registration number: **2022115762**

I declare under penalty of perjury under the laws of the State of California that the information above is true and correct.

Date: 6/4/2026

Sean Gutierrez
*Type or print server's name*

▶/s/ *Sean Gutierrez*
*Server to sign here*

Judicial Council of California, *www.courts.ca.gov*
Rev. January 1, 2023, Optional Form
Code of Civil Procedure, § 527.6

**Proof of Personal Service**
**(Civil Harassment Prevention)**

**CH-200,** Page 1 of 1

| COUNT | STATUTE | OFFENSE | CLASS | MAX SENTENCE |
|---|---|---|---|---|
| 1 | Cal. Penal Code § 647(j)(3)(A) | Covert video recording of person in state of undress without consent — May 24, 2026 | Misdemeanor | 6 months / $1,000 |
| 2 | Cal. Penal Code § 647(j)(3)(A) | Covert video recording of person in state of undress without consent — June 3, 2026 (daytime) | Misdemeanor | 6 months / $1,000 |
| 3 | Cal. Penal Code § 647(j)(3)(A) | Covert video recording of person in state of undress without consent — June 3, 2026 at 8:26 PM (post-service) | Misdemeanor | 6 months / $1,000 |
| 4 | 18 U.S.C. § 1801 | Federal Video Voyeurism — non-consensual capture of images of private areas | Federal Misdemeanor | Up to 1 year federal |
| 5 | Cal. Penal Code § 632(a) | Confidential communication recording without consent (audio captured) | Misdemeanor | 1 year / $2,500 |
| 6 | Cal. Penal Code § 148.5 | Filing false police report — fabricated allegations against victims | Misdemeanor | 6 months / $1,000 |
| 7 | Cal. Penal Code § 422 | Criminal threat — violent conduct upon service of process | Wobbler (M/F) | Up to 3 years (felony) |
| 8 | Cal. Penal Code § 240/242 | Assault and/or Battery — violent behavior toward process server | Misdemeanor/Felony | Up to 4 years (if felony) |
| 9 | Cal. Penal Code § 166(a)(4) | Contempt / Violation of Court Process — resumed recording after service | Misdemeanor | 6 months / $1,000 |

## STATEMENT OF FACTS

### I. PARTIES AND BACKGROUND

1. Complaining Witness **Christopher Payne** is an adult individual residing in Sacramento County, California. He is personally acquainted with Subject Frank Jesus Alvaro.

2. Complaining Witness **Andrew Ibarra** is an adult individual residing in San Antonio, Texas. He is likewise personally acquainted with Subject Frank Jesus Alvaro.

3. Subject **Frank Jesus Alvaro** is a Hispanic or Latino male, estimated age 25–34, bald, no glasses, approximately 160–180 lbs and 5'6"–5'9", who at all relevant times resided at 312 W 5th St, Apt 305, Los Angeles, California 90013-1931.

4. At all relevant times, Complaining Witnesses Christopher Payne and/or Andrew Ibarra visited and/or stayed at Subject's residence at 312 W 5th St, Apt 305, Los Angeles, California 90013-1931, where the criminal acts described herein were committed.

## II. COUNT 1–3 — COVERT VIDEO RECORDING OF PERSONS IN A STATE OF UNDRESS WITHOUT CONSENT(Cal. Penal Code § 647(j)(3)(A))

California Penal Code § 647(j)(3)(A) makes it a crime for any person to use a device to *secretly videotape, film, photograph, or record by electronic means* another, identifiable person who is in a state of full or partial undress in any area in which that person has a reasonable expectation of privacy, without the consent of the person or persons filmed. Each recording constitutes a separate violation.

### A. Installation of Covert Recording Device

5. At some time prior to May 24, 2026, Subject Frank Jesus Alvaro deliberately installed a covert recording device at his residence, 312 W 5th St, Apt 305, Los Angeles, California 90013-1931. Specifically, Subject wrapped a Samsung Android smartphone (Android OS version 16) in black fabric to conceal it and physically bound it to an exposed overhead water pipe in the bedroom area of the residence, positioning the phone's camera lens to face directly downward into the sleeping and resting area of the bedroom.

6. The device was designed to be undetectable to persons in the room. The deliberate concealment — wrapping the phone in dark fabric matching the ceiling infrastructure, mounting it overhead above the sleeping area, positioning the camera downward —

demonstrates premeditated, willful planning to conduct covert surveillance of persons in the bedroom without their knowledge or consent.

7. Photographs taken on June 3, 2026 upon discovery of the device, attached hereto as **Exhibit A (photos A-1, A-2, and A-3)**, show: (A-1) the smartphone wrapped in black cloth bound to the ceiling pipe with camera facing down; (A-2) the bedroom and its ceiling pipe infrastructure; and (A-3) the bedroom interior with Complaining Witness Christopher Payne in a state of undress directly below the camera's field of view.

## B. Count 1 — Covert Recording on May 24, 2026

8. On or about **May 24, 2026**, Complaining Witnesses Christopher Payne and/or Andrew Ibarra were present in the bedroom at 312 W 5th St, Apt 305, Los Angeles, California 90013-1931, and were in a state of full or partial undress. Subject's covert recording device was active and recording. Neither Complaining Witness was aware of the recording device's presence, and neither consented, expressly or impliedly, to being filmed, videotaped, photographed, or recorded.

9. This constitutes a violation of California Penal Code § 647(j)(3)(A): knowing and willful use of a device to secretly videotape an identifiable person in a state of undress in a private residential bedroom where the person has a reasonable expectation of privacy, without consent.

## C. Count 2 — Covert Recording on June 3, 2026 (Daytime)

10.    On **June 3, 2026** during daytime hours, Complaining Witnesses Christopher Payne and/or Andrew Ibarra were again present in the bedroom at Subject's residence in a state of undress. Subject's covert device was again active and recording. Again, neither Complaining Witness consented to being recorded.

11.    This constitutes a second and independent violation of California Penal Code § 647(j)(3)(A). It was on this date that Christopher Payne discovered the concealed device, photographed it, and the Complaining Witnesses became aware of the surveillance.

### D. Count 3 — Covert Recording on June 3, 2026 at 8:26 PM PDT — Post-Service

12.    At **8:26:40 PM Pacific Daylight Time on June 3, 2026** — more than seven hours after Subject was personally served with civil harassment restraining order papers at 1:16 PM — Subject's recording device captured a third recording. This recording is documented in a video file designated **Exhibit B** (filename: *20260603_202640.mp4*).

13.    The video file's embedded forensic metadata independently confirms the following facts:

    **(a)    Timestamp:** The filename encodes the local time June 3, 2026 at 20:26:40 PDT. The embedded UTC creation timestamp (2026-06-04T03:26:58Z) combined with the Samsung device's UTC offset tag of −0700 independently confirms the recording occurred at 8:26:58 PM Pacific Daylight Time on June 3, 2026;

    **(b) Device:** Samsung Android smartphone running Android OS version 16 — consistent with the device depicted in Exhibit A;

(c) **Rotation −90°:** The video file contains metadata indicating the device was physically oriented at −90 degrees (sideways) at the time of recording, consistent with being bound sideways to a ceiling pipe, not held in the hand; and

(d) **Post-service timing:** At the time of this recording, Subject had actual, personal knowledge of the civil harassment restraining order proceedings (having been served at 1:16 PM with the CH-109 hearing notice, CH-100 petition, and related documents). The continuation of covert recording activity after service of legal process demonstrates willful and deliberate commission of the offense.

14. This constitutes a third and independent violation of California Penal Code § 647(j)(3)(A), committed with knowledge of pending legal proceedings.

### III. COUNT 4 — FEDERAL VIDEO VOYEURISM(18 U.S.C. § 1801)

15. The federal Video Voyeurism Prevention Act, 18 U.S.C. § 1801, prohibits the intentional capture of an image of a private area of an individual without their consent, under circumstances in which the individual has a reasonable expectation of privacy. "Private area" means the naked or undergarment-clad genitals, pubic area, buttocks, or female breast of an individual.

16. Subject Frank Jesus Alvaro's covert recording of Complaining Witnesses Christopher Payne and Andrew Ibarra in a state of undress in a private residential bedroom, using a concealed smartphone device, constitutes a violation of 18 U.S.C. § 1801 on each of the three recording occasions described in Counts 1–3 above. Complaining Witnesses

respectfully request referral to the Federal Bureau of Investigation or the United States Attorney's Office for the Central District of California for federal prosecution.

## IV. COUNT 5 — UNAUTHORIZED RECORDING OF CONFIDENTIAL COMMUNICATION(Cal. Penal Code § 632(a))

17. California Penal Code § 632(a) prohibits intentionally recording a confidential communication by means of an electronic amplifying or recording device without the consent of all parties to the communication. A "confidential communication" includes any communication carried on in circumstances reasonably indicating that the parties desire it to be confined to the parties thereto.

18. The video recording in Exhibit B (and potentially the recordings from May 24 and the daytime of June 3, 2026) contains an audio track recorded at 48 kHz stereo. Any conversations, speech, or communications that were captured in these recordings without the knowledge or consent of Complaining Witnesses constitute violations of Penal Code § 632(a). Each recording in which audio was captured constitutes a separate count.

## V. COUNT 6 — FILING A FALSE POLICE REPORT(Cal. Penal Code § 148.5)

19. California Penal Code § 148.5 makes it a misdemeanor for any person to knowingly make any false or fraudulent report or statement to any peace officer that a felony or misdemeanor has been committed.

20. Subject Frank Jesus Alvaro knowingly filed a false report with law enforcement authorities containing fabricated and materially false allegations against Complaining Witnesses Christopher Payne and/or Andrew Ibarra. Among the false statements

made by Subject was the allegation that Complaining Witnesses filmed Subject without his permission. This allegation is false. The irrefutable evidence — including the ceiling-mounted covert device (Exhibit A), the forensic video metadata (Exhibit B), and the process server's service record (Exhibit C) — establishes that it was Subject, not the Complaining Witnesses, who was conducting covert surveillance.

21. Subject also made false and defamatory statements to third parties, including falsely claiming that Complaining Witnesses are drug dealers and illegally possess weapons. These statements were made with actual malice and without any factual basis.

### VI. COUNT 7 — CRIMINAL THREAT(Cal. Penal Code § 422)

22. California Penal Code § 422 makes it a crime to willfully threaten to commit a crime which will result in death or great bodily injury to another person, with the specific intent that the statement is to be taken as a threat, even if there is no intent of actually carrying it out, where the threat causes the target to be in sustained fear for their own safety or the safety of their immediate family.

23. On **June 3, 2026 at approximately 1:16 PM,** when licensed process server **Sean Gutierrez** appeared at 312 W 5th St, Apt 305, Los Angeles, California 90013-1931 to serve Subject with civil harassment restraining order papers, Subject reacted with immediate and threatening violent behavior. The official service record of Proof Platform (Serve ID SRV-HHCP5Q3), a GPS-timestamped third-party commercial business record, documents:

---

**Official service description:** *"Dropped service due to violent behavior at the door."*
**Process server's real-time communication:** *"He got dropped served due to violent behavior at door."*

---

(Sean Gutierrez, Process Server, Proof Platform, 1:17 PM, June 3, 2026)

24. Subject's violent conduct upon service of legal process caused process server Sean Gutierrez to fear for his safety and to terminate the service and withdraw from the premises. The specific acts constituting the violent behavior are to be set forth in the sworn affidavit of process server Sean Gutierrez, which is being prepared and will be provided to law enforcement upon completion. The violent behavior is independently corroborated by the GPS-timestamped Proof platform service record.

## VII. COUNT 8 — ASSAULT AND/OR BATTERY UPON PROCESS SERVER(Cal. Penal Code §§ 240/242; potentially § 243(b)/(c))

25. California Penal Code § 240 defines assault as an unlawful attempt, coupled with a present ability, to commit a violent injury on the person of another. California Penal Code § 242 defines battery as any willful and unlawful use of force or violence upon the person of another. Under § 243(b), battery upon a person who is performing their duties as a process server is punishable as a misdemeanor; under § 243(c), battery causing injury is punishable as a wobbler (misdemeanor or felony).

26. Subject Frank Jesus Alvaro's violent behavior upon the lawful attempt of process server Sean Gutierrez to serve legal documents may constitute assault and/or battery within the meaning of California Penal Code §§ 240/242. Law enforcement is respectfully requested to investigate the specific acts of Subject at the door and determine whether the conduct rises to the level of assault or battery upon a process server under Penal Code § 243.

## VIII. COUNT 9 — CONTEMPT / DEFIANCE OF LEGAL PROCESS(Cal. Penal Code § 166(a)(4) and related provisions)

27. California Penal Code § 166(a)(4) makes it a misdemeanor to willfully disobey any process or order lawfully issued by any court. The service of the CH-109 (Notice of Court Hearing) and CH-100 (Request for Civil Harassment Restraining Orders) upon Subject at 1:16 PM on June 3, 2026 placed Subject on legal notice of the pending court proceeding and the protections sought.

28. Subject's resumption of covert recording activity at **8:26 PM on the same date** — after having been served with civil harassment restraining order papers — may constitute willful defiance of legal process and is relevant to the willfulness element of the Penal Code § 647(j)(3)(A) violation in Count 3. Law enforcement and the District Attorney are requested to consider this conduct in assessing aggravating circumstances and Subject's willfulness.

## IX. PHYSICAL EVIDENCE SUMMARY

| EXHIBIT | DESCRIPTION | ESTABLISHES |
|---|---|---|
| A-1 | Photograph — Samsung smartphone wrapped in black cloth, bound to ceiling pipe, camera facing down | Premeditated covert device installation; camera aimed at sleeping area |
| A-2 | Photograph — Bedroom interior showing ceiling pipe infrastructure | Location; confirms camera field of view over sleeping/resting area |
| A-3 | Photograph — Bedroom with victim in state of undress below camera position | Victim within covert camera's field of view; privacy violation |
| B | Video file: 20260603_202640.mp4 — 17 seconds, 1080p, Samsung Android device | Third covert recording at 8:26 PM PDT June 3, 2026 (7+ hrs after service); −90° rotation confirms ceiling-mounted position; same Samsung device as Exhibit A |
| C | Proof Platform Service Record — Serve ID SRV-HHCP5Q3 | Personal service at 1:16 PM June 3, 2026; 'Dropped service due to violent behavior at door'; GPS-confirmed at 312 W 5th St Apt 305, Los Angeles, CA 90013 |
| D | Chat transcript (Proof platform) — Process server Sean Gutierrez | Contemporaneous documentation: 'He got dropped served due to violent behavior at door' |

## X. CHRONOLOGICAL SUMMARY OF CRIMINAL CONDUCT

The following timeline summarizes Subject's criminal conduct:

- **Prior to May 24, 2026:** Subject installs covert surveillance device — Samsung smartphone wrapped in black cloth, bound to ceiling pipe, camera facing down — in bedroom at 312 W 5th St, Apt 305, Los Angeles, CA 90013-1931. [PC § 647(j)(3)(A) — preparation/installation]

- **May 24, 2026:** First covert recording of Complaining Witnesses Christopher Payne and/or Andrew Ibarra in a state of undress in the bedroom without their consent. [Count 1 — PC § 647(j)(3)(A); 18 U.S.C. § 1801]

- **June 3, 2026 (daytime):** Second covert recording of Complaining Witnesses in a state of undress. Device discovered by Christopher Payne. Photographs taken of device in situ (Exhibit A). [Count 2 — PC § 647(j)(3)(A); 18 U.S.C. § 1801]

- **June 3, 2026, 1:16 PM PDT:** Subject personally served with CH-100, CH-109 civil harassment restraining order papers, Cease and Desist Notice, and Pre-Litigation Demand by licensed process server Sean Gutierrez (Proof Platform, Serve ID SRV-HHCP5Q3). Subject reacts with violent behavior, requiring process server to execute dropped service and withdraw. [Count 7 — PC § 422; Count 8 — PC §§ 240/242/243]

- **June 3, 2026, 8:26:40 PM PDT:** Third covert recording — captured after Subject has actual knowledge of legal proceedings. Forensically confirmed by embedded device metadata (Samsung Android 16; −90° rotation; UTC timestamp

cross-referenced with PDT offset). [Count 3 — PC § 647(j)(3)(A); 18 U.S.C. § 1801; Count 9 — PC § 166(a)(4)]

- **Ongoing:** False and defamatory statements to third parties falsely characterizing Complaining Witnesses as drug dealers and illegal weapons possessors. False police report filed containing fabricated allegations against Complaining Witnesses. [Count 6 — PC § 148.5]

## XI. REQUEST FOR LAW ENFORCEMENT ACTION

29. Complaining Witnesses Christopher Payne and Andrew Ibarra respectfully request that law enforcement:

(a) **Open a criminal investigation** into the conduct of Frank Jesus Alvaro as described herein;

(b) **Seize and forensically examine** all devices, including the Samsung Android smartphone identified herein, found at 312 W 5th St, Apt 305, Los Angeles, California 90013-1931, for evidence of covert recordings, distribution of recordings, and communications;

(c) **Preserve and examine Exhibit B** (video file 20260603_202640.mp4) as evidence of Count 3;

(d) **Obtain a declaration from process server Sean Gutierrez** (Proof Platform, Serve ID SRV-HHCP5Q3) documenting the specific violent conduct of Subject at the time of service;

**(e)  Refer the federal violations** (18 U.S.C. § 1801) to the Federal Bureau of Investigation and/or the United States Attorney's Office for the Central District of California;

**(f)   Present this matter to the Los Angeles County District Attorney's Office** for charging under California Penal Code §§ 647(j)(3)(A), 632(a), 148.5, 422, 240/242/243, and/or 166(a)(4) as the evidence warrants; and

**(g)   Take all steps necessary** to prevent Subject from destroying, altering, deleting, or disposing of any recordings, electronic files, or devices containing evidence of the offenses described herein.

## XII. DECLARATION UNDER PENALTY OF PERJURY

We, the undersigned Complaining Witnesses, declare under penalty of perjury under the laws of the State of California that the foregoing facts are true and correct to the best of our personal knowledge, except as to matters stated on information and belief, and as to those matters we believe them to be true. We are prepared to testify to the foregoing facts and to provide all available evidence to law enforcement and/or the District Attorney upon request.

Dated: **June 4, 2026**

/s/ CHRISTOPHER SCOTT PAYNE

Complaining Witness / Victim

PO Box 1318 #3147, Sacramento, CA 95812

Tel: (202) 557-6958

/s/ANDREW IBARRA

Complaining Witness / Victim

310 E Rector St, San Antonio, TX 78216

Tel: (210) 378-9048