UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | **2:26-cv-06287-CV-DMK** | Date | June 11, 2026 |
| Title | *Christopher Payne et al v. Frank Jesus Alvaro Jr et al* | | |

| | |
|---|---|
| Present: The Honorable | Cynthia Valenzuela, United States District Judge |

| Jessica Cortes | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:    (IN CHAMBERS) ORDER DENYING APPLICATION FOR TEMPORARY RESTRAINING ORDER [5] AND ORDER TO SHOW CAUSE RE SUBJECT MATTER JURISDICTION**

Before the Court is the June 10, 2026 ex parte application of pro se plaintiffs Christopher Payne and Andrew Ibarra (collectively, "Plaintiffs") for a temporary restraining order ("TRO"). Doc. # 5 ("Application"). The Court finds the matter suitable for decision without oral argument. *See* Fed. R. Civ. P. 78; C.D. L. Civ. R. 7-15.

After considering the Application, supporting declaration of Christopher Payne (Doc. # 6), the Complaint (Doc. # 1) and all documents on file with the Court, the Court DENIES Plaintiffs' Application. The Application is procedurally deficient, and the Complaint does not allege facts sufficient to establish subject-matter jurisdiction. The Court therefore ORDERS Plaintiffs to show cause why this action should not be dismissed for lack of subject-matter jurisdiction.

## I.    Plaintiffs' Application is DENIED For Procedural Defects and Lack of Jurisdiction

*First*, **the Application and supporting declaration lack valid signatures.** Both use "/s/" signatures. *See* Doc. # 5 at 6; Doc. # 6 at 3. That convention is permitted only for registered CM/ECF filers. For "documents requiring signatures other than those of

registered CM/ECF filers," including "declarations," the filer "must scan the hand-signed signature page(s)" and file the scanned signature page. C.D. Cal. L.R. 5-4.3.4(a)(1)–(3).

Plaintiffs have not obtained leave to file electronically through CM/ECF. A non-incarcerated pro se litigant may use CM/ECF only after obtaining leave of court, and leave must be sought by motion. If leave is granted, the litigant must register and may file electronically only in that particular case. C.D. Cal. L. Civ. R. 5-4.1.1. Because Plaintiffs have not received leave to use CM/ECF in this case, their "/s/" signatures are invalid.[1]

**Second, Plaintiffs have not submitted a supporting declaration explaining what efforts they made to give Defendant notice or why notice should not be required.** Rule 65(b) permits a court to issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if two conditions are met: first, "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition"; and second, "the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1); C.D. Cal. L. Civ. R. 65-1 (requiring a declaration setting forth the facts and certification required by Fed. R. Civ. P. 65(b)(1)(A) and (B)).

Plaintiffs assert that Defendant reacted violently to a prior attempt to serve him with process in a related state-court action on June 3, 2026. *See* Doc. # 5 at 2; Doc. # 6 ¶ 5. That assertion may permit Plaintiffs to articulate, in a valid declaration, specific facts explaining what efforts they made to give notice in this case and why notice of this action should not be required. But they have not done so. On the present record, Plaintiffs have not complied with Rule 65(b) or Local Rule 65-1.[2]

---

[1] *See, e.g., Beck v. Ascendiant Cap. Mkts.*, No. 2:25-cv-06784-DMG-JC, Doc. # 9 (C.D. Cal. Aug. 1, 2025) (striking pro se complaint and denying IFP application without prejudice because plaintiff was not a registered CM/ECF filer and "cannot use the '/s/' convention"); *Tat v. California*, No. 2:22-cv-08570-MCS-DFM, Doc. # 7 (C.D. Cal. Dec. 12, 2022) (finding pro se plaintiff's IFP request unsigned under Local Rules 5-4.3.4 and 11-1 because, as a non-registered CM/ECF filer, his documents "must feature his hand-signed signature").

[2] *See Reno Air Racing Ass'n, Inc. v. McCord*, 452 F.3d 1126, 1130–31 (9th Cir. 2006) (Rule 65(b) permits ex parte TROs only in "very few circumstances," such as when notice is impossible or would render further prosecution of the action fruitless); *Mannarino v. Fay Servicing LLC*, No. 2:15-cv-02409-ODW (PLAx), 2015 WL 13917670, at *3 (C.D. Cal. Apr. 15, 2015) (denying pro se TRO request on notice grounds alone because plaintiffs sought relief "without any representation from the other side," but "the rules do not allow such a result," and "pro se status is no excuse"); *Hedges v. Wesley*, No. 2:15-CV-00713-CAS (SSx), 2015 WL 470379, at *2 (C.D.

---

**CIVIL MINUTES – GENERAL**    Initials of Deputy Clerk JC

***Third***, **and most important, Plaintiffs have not alleged facts showing that this Court has subject-matter jurisdiction.** Without subject-matter jurisdiction, the Court cannot issue the requested TRO.[3]

Federal courts have limited jurisdiction. They "possess only that power authorized by Constitution and statute[.]" *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). Congress has granted federal courts jurisdiction over two general categories of civil cases: cases arising under federal law, and cases in which the amount in controversy exceeds $75,000 and the parties are diverse. *Home Depot U.S.A., Inc. v. Jackson*, 587 U.S. 435, 437–38 (2019). These jurisdictional grants are known as 'federal-question jurisdiction' and 'diversity jurisdiction,' respectively." *Id*.

Federal-question jurisdiction requires a plaintiff to plead "a colorable claim 'arising under' the Constitution or laws of the United States." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 513 (2006). Under the well-pleaded-complaint rule, federal-question jurisdiction exists "only when a federal question is presented on the face of the plaintiff's well-pleaded complaint." *Abada v. Charles Schwab & Co.*, 300 F.3d 1112, 1118 (9th Cir. 2002) (quoting *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987)). A purported federal claim does not suffice if it is not colorable—that is, if it is "immaterial and made solely for the purpose of obtaining jurisdiction" or "wholly insubstantial and frivolous." *Arbaugh*, 546 U.S. at 513 n.10 (quoting *Bell v. Hood*, 327 U.S. 678, 682–83 (1946)).

Plaintiffs invoke federal-question jurisdiction under 28 U.S.C. § 1331, claiming they "assert a claim arising under federal law, 18 U.S.C. § 875(d)." Doc. # 1 ¶ 1. They also invoke supplemental jurisdiction over their state-law claims under 28 U.S.C. § 1367(a), "because those claims arise from the same nucleus of operative fact" as their federal claim. *Id*.

But Plaintiffs' Complaint does not assert a federal cause of action that supports federal-question jurisdiction. The statute Plaintiffs invoke, 18 U.S.C. § 875(d), "is a criminal statute that cannot serve as a basis for civil liability." *See Jeong v. John or Jane*

---

Cal. Feb. 3, 2015) (denying TRO where there was no proof of service and plaintiff failed to explain why notice should not be required).

[3] *See Zepeda v. U.S. Immigr. & Naturalization Serv.*, 753 F.2d 719, 727 (9th Cir. 1983) ("A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim[.]"); *Turner v. Alatorre*, No. 2:13-CV-05279 CAS, 2014 WL 6682647, at *2 (C.D. Cal. Nov. 25, 2014) (denying TRO where, "[p]rocedural requirements aside," the court lacked jurisdiction to provide the requested injunctive relief).

*Doe*, No. 8:26-CV-00608-KES, 2026 WL 891835, at *2 (C.D. Cal. Mar. 31, 2026); *see also*, *Mayorga v. Ronaldo*, 606 F. Supp. 3d 1003, 1015-16 & n.73 (D. Nev. 2022) ("[F]ederal criminal provisions 'provide no basis for civil liability'") (quoting *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980)).

Nor does the Complaint allege diversity jurisdiction. Plaintiffs allege that all parties are citizens of California for jurisdictional purposes. Doc. # 1 at ¶¶ 3–5. Plaintiffs therefore cannot establish diversity jurisdiction under 28 U.S.C. § 1332.[4]

Because the Application is procedurally deficient and the Complaint does not allege facts establishing subject-matter jurisdiction, the Court DENIES the Application.

## II.     Order to Show Cause Re Subject Matter Jurisdiction

The Court has an independent obligation to determine whether it has subject-matter jurisdiction. *Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012). As explained above, Plaintiffs' only federal claim appears to provide no private right of action for civil liability. Plaintiffs therefore have not pleaded a colorable federal claim, and the Court does not appear to have federal-question jurisdiction over this action.

Accordingly, Plaintiffs are ORDERED to show cause in writing, no later than **fourteen (14) days from the issuance of this Order**, why this action should not be dismissed for lack of subject-matter jurisdiction. Any response must not exceed five (5) pages, excluding any supporting declaration.

Alternatively, Plaintiffs may attempt to discharge this Order to Show Cause by filing an amended complaint that cures the jurisdictional defects identified in this Order pursuant to Federal Rule of Civil Procedure 15(a)(1). Any such amendment must comply with Federal Rule of Civil Procedure 11. To the extent Plaintiffs file an amended complaint as a matter of course under Rule 15(a)(1), that amendment will count as their one amendment as of right. Any amended complaint must be complete in itself and may not incorporate by reference any prior pleading.

Failure to respond timely may result in dismissal of the Complaint without prejudice for failure to comply with a Court order. *See* Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962).

**IT IS SO ORDERED.**

---

[4] *See Caterpillar Inc.*, 519 U.S. at 68 (explaining that § 1332 requires "complete diversity of citizenship," meaning "the citizenship of each plaintiff is diverse from the citizenship of each defendant"); *Kuntz v. Lamar Corp.*, 385 F.3d 1177, 1181–82 (9th Cir. 2004) (same).